# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| VANCE ROY CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13-CV-1152 CAS |
| | ) | |
| CITY OF PARK HILLS POLICE DEPT., et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 167236), an inmate at Farmington Community Supervision Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $12.05. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. §

1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $53.93, and an average monthly balance of $60.23. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $12.05, which is 20 percent of plaintiff's average monthly balance.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must

determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

## The Complaint

Plaintiff, an inmate at Farmington Community Supervision Center, brings this action seeking monetary damages pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants in the caption of the complaint are: City of Park Hills Police Department; City of Park Hills; Mike Kurtz (Detective); District 12 Probation and Parole; Pamela Warren-Harrison (Parole Officer); Kristen Peppers (Parole Officer); and Ben Campbell (Prosecutor).

Plaintiff alleges that while released on parole and working as a manager at a thrift store in Park Hills, Missouri, he was accused by an employee he supervised of inappropriate sexual conduct.[1] Plaintiff claims that a police officer from the City of Park Hills Police Department, which

---

[1] Plaintiff claims that he was first told by Detective Kurtz that the complainant alleged that he had "acted sexually inappropriately." Plaintiff was later told that she stated that he had shown her sexually suggestive photos contained on his cellular phone. Plaintiff claims that Detective Kurtz first charged him with "attempted forcible rape and attempted sexual intercourse by forcible compulsion." The probable cause statement filed by Detective Kurtz appears to have alleged the offense of "sexual assault." However, plaintiff states that Detective Kurtz filed a second incident report on that same date listing the offense charged as "forcible fondling." The criminal Complaint filed in the criminal lawsuit by defendant Campbell charged plaintiff with "attempted forcible rape," according to plaintiff. Plaintiff claims that the

the Court will refer to as John Doe[2], removed him from his workplace, placed him in the back of a police vehicle in handcuffs and took him to the Park Hills Police Station for an interview with defendant Kurtz.  Plaintiff claims that defendant Doe and defendant Kurtz "obstructed justice" and unlawfully deprived him of his liberty in violation of the Fourth and Sixth Amendments when they ignored his requests for counsel and conducted an illegal search and seizure of his person and cellular phone.  Plaintiff also believes that he should not have been handcuffed, nor kept in handcuffs for an indefinite length of time, and thus, he claims he was subjected to excessive force in violation of the Fourth Amendment during the course of an unlawful "arrest."[3]

Plaintiff also believes he was subjected to false arrest and false imprisonment without probable cause in violation of the Fourth Amendment.  Plaintiff additionally claims that defendant Campbell subjected him to malicious prosecution in violation of the Fourth Amendment when he relied on a sworn statement from defendant Kurtz that was based on false allegations from defendant Kurtz.

---

complainant stated, under oath, during her deposition, that she never accused plaintiff of rape or attempted rape and that the charge was amended to a Class A Misdemeanor of Sexual Misconduct in the First Degree.  The Court has been unable to access the records relative to plaintiff's criminal case on Case.Net, thus, it has been unable to verify the aforementioned.

[2]Plaintiff has not identified this defendant in the caption of his complaint.  However, he has referred to this individual in the body of the complaint.

[3]The Court is doubtful that mere "handcuffing" is enough to allege a "excessive force" claim, without more, as plaintiff has not alleged any additional facts to substantiate his claim. When brought pursuant to an arrest, an excessive force claim "is analyzed under the Fourth Amendment's 'objective reasonableness' standard." Kuha v. City of Minnetonka, 328 F.3d 427, 434 (8th Cir.2003) (citing Graham v. Connor, 490 U.S. 386, 395, 109 S. Ct. 1865, 104 L. Ed.2d 443 (1989)). Regardless, the Court cannot delve into the merits of plaintiff's claims as the entirety of his claims fail to state proper grounds for relief under § 1983, as set forth below.

Plaintiff claims he was verbally abused by an John Doe Officer and defendant Kurtz, although his claims for "verbal abuse" are conclusory in nature and do not contain any specific negative comments that rise to the level of a constitutional violation.[4]

Plaintiff believes that the Division 12 Probation and Parole Officers, defendants Warren-Harrison and Peppers, denied him due process when they relied on defendant Kurtz' "improper" police reports and his "perjured testimony" at his preliminary parole revocation hearing. Plaintiff also claims he was denied due process when the Department of Probation and Parole made the determination to move him from St. Francois County Jail to Eastern, Reception, Diagnostic, Correctional Center ("ERDCC") prior to the second half of his preliminary revocation hearing, thus, impeding his ability to attend the hearing and his right to provide witnesses at the hearing.

Last, plaintiff claims, in a general and conclusory manner, that he was subjected to a civil conspiracy in violation of his civil rights. However, he fails to specifically allege the concerted activity required for a conspiracy claim under § 1983.[5]

## Discussion

Plaintiff's claim against the City of Park Hills Police Department is legally frivolous because the Police Department is not a suable entity. <u>Ketchum v. City of West Memphis</u>, Ark., 974 F.2d

---

[4]"Verbal harassment" does not usually rise to the level required to establish a constitutional violation. <u>See</u>, e.g., <u>McDowell v. Jones</u>, 990 F.2d 433, 434 (8th Cri. 1993); <u>King v. Olmsted</u>, 117 F.3d 1065, 1067 (8th Cir. 1997) (verbal harassment actionable only if it is so brutal and wantonly cruel that it shocks the conscience, or if the threat exerts coercive pressure on the plaintiff and the plaintiff suffers from a deprivation of a constitutional right).

[5]To properly plead a claim for civil conspiracy under § 1983, a plaintiff must include factual allegations showing a "meeting of the minds" concerning unconstitutional conduct; although an express agreement between the purported conspirators need not be alleged, there must be something more than the summary allegation of a conspiracy.

81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such."); Catlett v. Jefferson County, 299 F. Supp. 2d 967, 968-69 (E.D. Mo. 2004).

Plaintiff's complaint is also legally frivolous as to defendant Campbell because, where "the prosecutor is acting as advocate for the state in a criminal prosecution, [] the prosecutor is entitled to absolute immunity." Brodnicki v. City of Omaha, 75 F.3d 1261, 1266 (8th Cir. 1996).

The complaint is silent as to whether the police officer defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir.1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the municipality is responsible for the alleged constitutional violation. Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978).

The instant complaint does not contain any allegations that a policy or custom of the City of Park Hills was responsible for the alleged violations of plaintiff's constitutional rights.[6] As such, the complaint fails to state a claim upon which relief may be granted with respect to both John Doe

---

[6]"Policy or custom official-capacity liability is imposed by 42 U.S.C. § 1983 only for constitutional deprivations visited pursuant to governmental custom even though such a custom has not received formal approval through the body's official decisionmaking channels." Grayson v. Ross, 454 F.3d  802. 811 (8th Cir. 2006) (quoting Monell v. Dep't Of Soc. Serv. of City of New York, 436 U.S. 658, 690-91 (1978)) (internal quotations omitted).  As plaintiff has failed to allege that a policy or custom of the City of Park Hills is responsible for the alleged violations of his civil rights, his claims against the City fail to state a claim for relief under § 1983.

police officer and Detective Kurtz. Similarly, the complaint fails to state a claim upon which relief may be granted with respect to the District 12 Probation and Parole Office as well as its employees, defendant Warren-Harrison and defendant Peppers. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." Id. As a result, the complaint fails to state a claim upon which relief can be granted with respect to these two defendants and the office for which they worked.

Last, the Court notes that to the extent plaintiff is seeking to challenge the decision of the Missouri Parole Board relating to the revocation of his parole, it would appear that he has failed to exhaust his state remedies prior to bringing the matter to this Court. Missouri law provides at least three distinct avenues for challenging a parole decision: by bringing a declaratory action against the Board in state court, by filing a state petition for habeas corpus, or by filing a petition for writ of mandamus in state court. Wayne v. Missouri Bd. of Prob. and Parole, 83 F.3d 994, 996-97 (8th Cir. 1996). There is no indication in the complaint that plaintiff has done so.

Based on the aforementioned, the Court will dismiss plaintiff's complaint, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $12.05 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance

payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

                                                      *(signature)*

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 22nd day of November, 2013.